# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

**RONALD KENNETH FULCHER,**      )
                                 )
        **Plaintiff,**               )
                                 )
**v.**                           )      **CIVIL ACTION NO. 1:09-00501**
                                 )
**MICHAEL J. ASTRUE,**           )
**Commissioner of Social Security,**  )
                                 )
        **Defendant.**               )

## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 8 and 9.) Neither party has filed briefs in the matter.

The Plaintiff, Ronald Kenneth Fulcher (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on July 8, 2005 (protective filing date), alleging disability as of March 1, 2000, due to arthritis, a back disorder, a joint disorder, and deafness in the left ear. (Tr. at 15, 100, 101-02, 105, 108.) The claims were denied initially and upon reconsideration. (Tr. at 79-81, 86-88.) On March 7, 2006, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 90.) The hearing was held on September 6, 2007, before the Honorable Richard L. Swartz. (Tr. at 48-76.) By decision dated September 26, 2007, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 15-23.) The ALJ's decision became the final decision of the Commissioner on April 9, 2009, when the Appeals Council denied Claimant's request for review. (Tr. at 6-9.) On May

7, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2007). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.

20 C.F.R. §§ 404.1520(f), 416.920(f) (2007). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date, March 1, 2000. (Tr. at 17, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from traumatic and degenerative joint disease, deafness in his left ear, depression, and anxiety, which were severe impairments. (Tr. at 18, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 19, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity for work at the medium level of exertion, as follows:

> [T]he claimant has the residual functional capacity to perform a limited range of unskilled medium exertional activity, subject to physical, environmental, and mental limitations...The postural limitations include no more than occasionally lift and carry up to fifty pounds, and stoop; and never climb (ladders, scaffolds, or rope). The postural limitations also include never walk or stand for more than six hours a day. The environmental limitations include the need to avoid any exposure to loud noise, hazardous heights, and moving machinery, due to joint pain, hearing problems, depression, anxiety, and/or effects of medications. The mental limitations include a moderate inability to relate with other people while medicated, depressed, anxious, and/or in pain. Therefore, the claimant is able to do sustained unskilled medium work activities in an ordinary work setting on a continuing basis.

(Tr. at 19, Finding No. 5; and 21.) At step four, the ALJ found that Claimant could not return to his past relevant work. (Tr. at 16, Finding No. 6.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a food preparation worker, housekeeper, and janitor/cleaner, at the medium level of exertion,

each with a sit/stand option. (Tr. at 22-23, Finding No. 10.) On this basis, benefits were denied. (Tr. at 23, Finding No. 11.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was born on January 31, 1953, and was 54 years old at the time of the administrative hearing, November 5, 2008. (Tr. at 21, 51, 101.) Claimant had a ninth grade education and was able to communicate in English. (Tr. at 21, 52, 151.) In the past, he worked as a bricklayer and construction laborer. (Tr. at 21, 72, 109-10.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will summarize it below as it relates to Claimant's claims.

Claimant's Challenges to the Commissioner's Decision

Claimant did not file a Motion for Judgment on the Pleadings in this case. In addition, Claimant did not make any specific challenges to the Commissioner's decision either when he filed his Request for Review of Hearing Decision/Order or when he filed the Complaint in the instant case. He simply indicated in his Request for Review of Hearing Decision/Order that the ALJ mistakenly found at step two of the sequential analysis that he had been working on a part-time basis as a bricklayer, building fireplaces. (Tr. at 11.) Claimant asserts that he built only one fireplace, having worked twelve to fifteen hours per week and using bricks that weighed two pounds each. (Id.) In his Complaint, Claimant asserted only that the "[t]he decision of the Appeals Council dated April 9, 2009 is not supported by substantial evidence and affects the plaintiff in whole or in part." (Document No. 1 at ¶ 2.) Having only the one, vague objection to the Commissioner's decision, this Court has reviewed the entire record to see if it comports with the substantial evidence standard.

A review of the record reveals that the decision of the Commissioner is not supported by substantial evidence. The Court finds that the ALJ's pain and credibility assessment is inadequate to allow for review of his analysis. A two-step process is used to determine whether a claimant is disabled by pain or other symptoms. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2008); SSR 96-7p; See also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the

pain or symptoms and the extent to which they affect a claimant's ability to work must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause the alleged pain or symptoms, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2008). Additionally, the Regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain

or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2008).

SSR 96-7p repeats the two-step regulatory provisions:

First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.

Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186 (July 2, 1996). SSR 96-7p specifically requires consideration of the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" in assessing the credibility of an individual's statements. Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the Regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

The ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms, and credibility. (Tr. at 19-20.) The ALJ found at the first step of the analysis that Claimant's "medically determinable impairments could have been reasonably expected to produce the alleged symptoms." (Tr. at 20.) Thus, the ALJ made an adequate threshold finding and proceeded to consider the intensity and persistence of Claimant's alleged symptoms and the extent to which they affected Claimant's ability to work. (Tr. at 20-21.) At the second step of the analysis, the ALJ concluded that Claimant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Id.) The ALJ further found that Claimant's

> physical and mental limitations do not significantly restrict his ability to perform even medium exertional tasks. Furthermore, the claimant indicated that he is working

      on a part-time basis as a bricklayer, building fireplaces (doing medium exertional activity).

(Tr. at 20.) These two statements are the extent of the ALJ's pain and credibility assessment. The ALJ's decision does not contain any discussion of Claimant's testimony or any of the factors set forth above. Claimant indicated to the Appeals Council that he built only one fireplace. Thus, in the absence of any analysis, the Court is unable to review the ALJ's pain and credibility assessment and must remand this matter for further consideration of Claimant's credibility.

      Therefore, after careful consideration of the evidence of record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is **VACATED**, this matter is **REMANDED** for further consideration of Claimant's pain and credibility as indicated above, and this matter is **DISMISSED** from the docket of this Court.

      The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

      ENTER: September 30, 2010.

                                        R. Clarke VanDervort
                                        United States Magistrate Judge